IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL JONES and ELIZABETH CHAIDEZ,

                Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY, AIRBNB, INC., AIRBNB RPG, INC., HOMESITE INSURANCE COMPANY, and RICHARD E. UMHOEFER,

                Defendants.

OPINION and ORDER

22-cv-49-jdp

---

    This is a negligence case about alleged injuries caused by fumes from gasoline and propane at a vacation rental property owned by defendant Richard Umhoefer. Three motions for summary judgment are pending: (1) defendant Homesite Insurance Company's motion on insurance coverage issues, Dkt. 38; (2) defendants Homesite and Umhoefer's motion on the merits, Dkt. 42; and (3) defendant Allstate Insurance Company's motion on the merits, Dkt. 43.

    Plaintiffs Michael Jones and Elizabeth Chaidez seek an extension of time until May 5 to file an opposition to all summary judgment motions. Dkt. 53. Plaintiffs' counsel provides the following two reasons:

> 1. That on April 6, 2023 the Court granted Plaintiff's motion for an extension to file our expert witnesses and reports to May 1, 2023 and that this may be material to include in our response.;
>
> 2. Further, Attorney Phillip Georges' has had a severe case of tonsillitis. He has been on antibiotics for 4 weeks and still suffering a respiratory infection and he is so ill that he is unable to be in the office this week. Attorney Georges is seeing an ENT specialist and may have to have surgery to have his tonsils removed.

*Id.*

The court will deny the motion as it relates to Homesite's summary judgment motion on insurance issues. Homesite filed that motion February 22, and plaintiffs' response was due March 15. Plaintiffs identify no reason why they could not respond or seek an extension then. No other party response to that summary judgment motion either. The court has reviewed Homesite's motion and agrees that Homesite's policy excludes coverage for the claims in this case because the alleged injuries arise out of Umhoefer's use of his property as a business. So the court will grant Homesite's motion and dismiss Homesite from the case.

Plaintiffs also missed their deadline on the two merits summary judgment motions. Plaintiffs' response was due on April 14, but they did not seek an extension until April 20. Plaintiffs' counsel doesn't say that he was too ill to seek an extension before April 21, but there is enough room in the schedule to allow an extension on the merits motions until May 5.

The extension comes with an important caveat: plaintiffs' opposition materials may not include any previously undisclosed expert evidence on the issue of causation, which is the subject of the two summary judgment motions on the merits. Specifically, defendants contend that they are entitled to summary judgment because Jones didn't disclose expert testimony on whether fumes in the rental property caused their injuries.

As plaintiffs point out in their motion, Magistrate Judge Stephen Crocker extended their expert disclosure deadline to May 1 in a text-only order that included no reasoning. Dkt. 52. But plaintiffs' only reason for seeking an extension of the expert deadline was that "Plaintiffs are getting in to see the new doctor to be evaluated," Dkt. 47, which suggests that the extension related to an expert report on plaintiffs' damages, not liability. But even if plaintiffs were intending to rely on the same expert for liability as well, Judge Crocker's order could not have extended plaintiffs' deadline for a causation expert. This is because defendants

had already filed their motions for summary judgment on causation when plaintiffs filed their motion for an extension of time of the expert deadline. If Judge Crocker's order were construed as an extension of time on expert disclosures for causation issues, it would have effectively denied defendants' motions for summary judgment, which relied solely on Jones's lack of expert evidence as the basis for summary judgment. *See* Dkt. 39 and Dkt. 43. Judge Crocker did not purport to deny defendants' motions, nor would he have the authority to do so. *See* 28 U.S.C. § 636(b)(1)(A) and (c)(1) (magistrate judge may not decide motions for summary judgment without consent of the parties).

If plaintiffs were to ask this court to extend the deadline for filing expert evidence on causation, the court would deny the motion. Plaintiffs' deadline for submitting expert reports was March 17, Dkt. 32, at 2, but plaintiffs didn't file their extension request until 11 days later on March 28. That request provided no reason why plaintiffs could not have sought an extension earlier. Defendants were entitled to rely on plaintiffs' failure to act and move for summary judgment based on plaintiffs' failure to disclose a causation expert. Allowing plaintiffs to disclose a causation expert now would unfairly prejudice defendants by requiring them to file another motion for summary judgment.

The bottom line is that plaintiffs are free to file a response to defendants' summary judgment motions on or before May 5. But those materials may not rely on expert evidence not disclosed before defendants filed their summary judgment motion.

ORDER

IT IS ORDERED that

1. Plaintiffs' motion to extend their summary judgment deadline to May 5, 2023, Dkt. 53, is GRANTED in part and DENIED in part. It is GRANTED as to the

merits' motions for summary judgment, Dkt. 38 and Dkt. 42. Defendants' deadline to reply is extended to May 15. The motion for an extension of time is DENIED as to Homesite Insurance Company's summary judgment motion on insurance coverage issues, Dkt. 38.

2. Homesite's motion for summary judgment on issue coverage issues, Dkt. 38, is GRANTED and Homesite is DISMISSED from the case.

Entered April 24, 2023.

                        BY THE COURT:

                        /s/

                        _____
                        JAMES D. PETERSON
                        District Judge