IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL JONES and ELIZABETH CHAIDEZ,

                Plaintiffs,

v.                                                 OPINION and ORDER

ALLSTATE INSURANCE COMPANY, AIRBNB, INC.,
AIRBNB RPG, INC., HOMESITE INSURANCE             22-cv-49-jdp
COMPANY, and RICHARD E. UMHOEFER,

                Defendants.

---

In this negligence suit, plaintiffs Michael Jones and Elizabeth Chaidez allege that they became ill from "toxic exposure" to gas and propane stored in a garage below a bedroom that they slept in while renting a vacation home in northern Wisconsin. Dkt. 5. They sued the property owner, Richard Umhoefer, his insurers, Allstate Insurance Company and Homesite Insurance Company, and two AirBnB entities that have never appeared. In a previous order, the court dismissed defendant Homesite, finding that its insurance policy did not cover the alleged claims. Dkt. 55. Now before the court is Umhoefer and Allstate's motion for summary judgment on the merits, in which they argue that plaintiffs' claims fail for lack of expert testimony on causation. Dkt. 42. *See also* Dkt. 38 (motion by Homesite arguing same).

The motion will be granted. Not only did plaintiffs miss their deadline to disclose expert testimony to establish the requisite element of causation, but their summary judgment response reveals a failure of proof altogether. Dkt. 59.

Plaintiffs start with two pieces of evidence: (1) their symptoms, which they say began during their stay at Umhoefer's property and have persisted ever since; and (2) an August 21, 2020, "Correction Order" from the fire marshal, ordering Umhoefer to "remove gas cans and

propane containers from garage." Dkt. 59-1. To show a causal link between their symptoms and the gas containers, plaintiffs have produced an April 20, 2023, statement from their treating physician, Dr. Shuang A. Yao, who diagnosed plaintiffs with "toxic effect of gas exposure" that she says occurred during their AirBnb stay in July 2020. Dkt. 58-1, at 4; Dkt. 58-2, at 6. But it is plain from the attached treatment notes that Dr. Yao was simply relying on plaintiffs' own statements that they were exposed to gas. Nothing in her letter or attached treatment notes suggests that she did any testing of plaintiffs (she could not have, because her one-time visit with each plaintiff was virtual), nor of Umhoefer's property (before he removed the gas canisters) to determine, among other things: (a) whether the cans emitted gasoline or propane fumes; (b) the volume of those fumes; (c) the likelihood of the fumes escaping the garage and permeating the space above; or (d) that plaintiffs were exposed to "toxic" levels of fumes. Her opinion simply parrots plaintiffs' lay theory about what caused their illness, which is not enough. So even if plaintiffs had timely disclosed Dr. Yao and even if her purported "causation opinion" had properly complied with the requirements of Rule 26(a)(2)(B), the court would exclude it under Rule 702 of the Federal Rules of Evidence because it does not rely on a proper scientific methodology or sufficient data. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993).

Plaintiffs have failed to identify any other evidence, expert or otherwise, to show causation. Absent proof of causation, their negligence claims fail as to all defendants, including defendants AirBnB, Inc. and AirBnB RPG, Inc. *See Acequia, Inc. v. Prudential Ins. Co. of Am.*, 226 F.3d 798, 807 (7th Cir. 2000) (sua sponte grant of summary judgment appropriate "where one defendant succeeds in winning summary judgment on a ground common to several defendants, if the plaintiff had an adequate opportunity to argue in opposition").

ORDER

IT IS ORDERED that

1. The motion for summary judgment filed by defendants Allstate Insurance Company and Richard Umhoefer, Dkt. 42, is GRANTED;

2. The motion for summary judgment filed by defendants Homesite Insurance Company and Richard Umhoefer, Dkt. 38, is DENIED as moot;

3. On its own motion, the court grants summary judgment to defendants AirBnB, Inc. and AirBnB RPG, Inc.;

4. The motion by defendants Allstate and Umhoefer to enlarge their deadline for naming expert witnesses, Dkt. 62, is DENIED as moot; and

5. The clerk of court is directed to enter judgment in favor of all defendants and close this case.

Entered July 5, 2023.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge